IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD TERRY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-3369 |
| MIDLAND MORTGAGE CO, et al. | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                          November 29, 2011

In this action, plaintiff Donald Terry, *pro se*, sues for recovery of damage to his real property.[1] Complaint, docket no. 3. Jurisdiction is alleged to be federal question, and plaintiff characterizes his claim as "civil rights." Id., Section II, A; Designation form, docket no. 1. Defendants[2] separately move to dismiss the complaint. The motions will be granted. Fed. R. Civ. P. 12(b)(6).[3]

The complaint alleges:

On request of Midland Mortgage, Safeguard Properties broke in to my home and changed my locks. They said the property was in foreclosure, which was not true.

---

[1] This is the second action plaintiff has filed arising from the alleged damage to his real property. See Terry v. Midland Mortgage Company, Civ. A. No. 08-3015. On April 28, 2009, the first action was dismissed without prejudice when it became clear that the allegations of poverty included in plaintiff's request to proceed *in forma pauperis* were inaccurate. See memorandum at 2-3 & n.6, docket no. 22.

[2] Defendants are Midland Mortgage Co. and Safeguard Properties, LLC.

[3] In deciding a motion to dismiss, a court must accept as true all of the complaints well-pleaded facts. It may disregard any legal conclusions. Walthour v. Child & Youth Services, 728 F.Supp.2d 628, 635 (E.D. Pa. 2010), citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). In order to survive the motion, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests, and must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

They did not reverse the locks until November 2008. They broke the door in causing damage and did not fix the door until February 2009, still incomplete. Also changed back door lock.

*     *     *     *

I called Midland on 5/8/2008. Sam said send in $575.78 overnight.

*     *     *     *

I called Midland on 5/15/2008. Ryan McDoulett said he ordered the locks to be changed because I was three months behind on mortgages on 5/7/2008.

*     *     *     *

I called Midland on 5/23/2008. Twila said 1913 S. Norwood St. never was in foreclosure.

*     *     *     *

I called Police 5/16/08.

*     *     *     *

Ron from Safeguard called on 5/19/2008, he will be in area on 5/20/2008.

*     *     *     *

Ron from Safeguard Properties never showed up @ 1913 Norwood St. 5/20/2008.

*     *     *     *

Robin West, legal department, sent my money order back. 5/23/2008.

*     *     *     *

Roland, from Safeguard said Midland sent him out on 6/20/2008, he stated that no one from Midland should not come into your home, it liveable.

*     *     *     *

Freddie Terry witness Safeguard breaking my lock, and they showed him paper stating that I was in foreclosure on 5/13/2008.

*     *     *     *

Complaint, Section III., C.

    With respect to injuries, the complaint alleges:

    I was placed on Zoloft and Amitriptyline due to my condition cause by being thrown out of my home. State of depression my doctor said, plus unable to sleep @ night.

    \*        \*        \*        \*

    Midland was showing paper stating that 1913 S. Norwood St. in foreclosure.

    \*        \*        \*        \*

    Midland stopped me from getting loans.

    \*        \*        \*        \*

    Midland send info to credit report that was inaccurate.

Complaint, Section IV.

    Read in the light most favorable to plaintiff, and accepting as true all well-pleaded facts, the complaint states that Midland incorrectly determined that plaintiff's mortgage was in arrears and requested Safeguard to change the locks on the Norwood Street property. When plaintiff advised Midland that the mortgage was not in arrears, Midland changed its position, albeit after several months, and instructed Safeguard to meet plaintiff at the property and change the locks back. In the process, Safeguard damaged the property, and the repairs were not completed for another three months after plaintiff had again been given access to his property. More than two years after the repairs were completed, plaintiff commenced this action to recover damages arising from Midland's and Safeguard's conduct.

**Motion of Midland Mortgage**

As to any civil rights claim, Midland's position is that (1) the complaint does not satisfy the Twombly standard because it does not allege sufficient facts to permit defendant to determine the nature of the civil rights claim at issue; (2) to the extent the complaint purports to include a Fair Credit Reporting Act claim against Midland, the facts are insufficient to state a claim because there is no averment that plaintiff ever filed a dispute with a consumer reporting agency, as required;[4] and (3) any state law claims included in the complaint are time-barred because the conduct giving rise to the complaint occurred in May and June 2008 and November 2008, and plaintiff did not commence this action until May 24, 2011.[5]  See complaint, docket no. 3; "Short Plaint Statement," docket no. 15.

---

[4] Simmsparris v. Countrywide Fin. Corp., 652 F.3d 355, 359 (3d Cir. 2011) (granting summary judgment where plaintiff did not file dispute with consumer reporting agency as required under FCRA: "[A] private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which must then notify the furnisher of information that a dispute exists.  Only after this notification can the furnisher face any liability to a private individual.").

[5] Libel, slander and invasion of privacy actions are subject to a one-year statute of limitations under Pennsylvania law.  42 Pa.C.S.A. § 5523.  Assault, battery, false imprisonment, false arrest, malicious prosecution, malicious abuse of process; actions for taking, detaining or injuring personal property; actions for waste or trespass to real property; actions to recover damages for injury to person or property arising from negligence, intentional or otherwise tortious conduct, including deceit or fraud, are subject to a two-year statute of limitations under Pennsylvania law.  42 Pa.C.S.A. 5524(2), (3), (4), (7).

"The limitations defense may be raised on a motion under Rule 12(b)(6), but only 'if the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations.'" Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citations omitted).

### Motion of Safeguard Properties, LLC

Safeguard, like Midland, asserts that the facts alleged in the complaint do not give fair notice to the defendants of what the claim is and the basis for the claim. Specifically, though the purported nature of the claim is a civil rights violation, the complaint does not identify the statute under which the claim arises. Additionally, according to Safeguard, any claims asserted in the complaint are time-barred.

### Plaintiff's Response

Plaintiff's response: the designation sheet accompanying his complaint should have indicated 42 U.S.C. § 1981 as the legal basis for his civil rights claim. The elements of a section 1981 claim are as follows: (1) plaintiff is a member of a racial minority; (2) there was intent on the part of defendants to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of certain activities listed in the statute. Brown v. Philip Morris, Inc., 250 F.3d 789 (3d Cir. 2001).[6] Plaintiff's complaint, read expansively, does not include facts that state a claim under § 1981 that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, plaintiff's civil rights claims must be dismissed.

The balance of plaintiff's response to defendants' motions does not include any facts or legal argument. It merely lists case citations. The cases cited are factually distinguishable

---

[6] The activities include: "make and enforce contracts, to sue, be parties, give evidence, and to [enjoy] the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. §1981(a).

from this case and are, therefore, inapt. As a result, to the extent that the complaint purported to state a Fair Credit Reporting Act claim, or state law tort claims, they must be dismissed.[7]

BY THE COURT:

/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[7] Plaintiff: diversity of citizenship also is a basis for the exercise of federal jurisdiction. According to the complaint, complete diversity between plaintiff and defendants exists. Further, it requests damages in excess of $75,000, and, arguably, the requirements for diversity jurisdiction are satisfied. However, for the reasons stated, the complaint does not include any viable substantive claims for relief, and therefore, the existence of jurisdiction is a moot point.